Judge Simpson
delivered the opinion of the Court.
The first question that arises in this case is, whether Berry, as obligor, by his promises of payment to Stock-well, the assignee, made after the assignment, waived the equity which existed against the payment of the note assigned.
There is no testimony of any contract for forbearance between the obligor and assignee, nor does it appear that the assignee sustained any loss or injury which was occasioned by the promises of payment made by the obligor. That the assignor was solvent at the time of the assignment, and became afterwards insolvent, was alleged, but it was denied, and there is no proof to sustain the allegation. The obligor, from time to time, made promises of payment, and was indulged by the assignee, without, however, any contract for indulgence having been made by them. If the indulgence was induced by the promises of payment, still, as the recourse of the assignee against the assignor was not impaired by the delay, as the latter remained in the *300 same condition he was at the time of the assignment, and liable, notwithstanding the indulgence granted by the assignee, inasmuch as the equity against the note existed at the time of the asignment, the assignee incurred no loss by the indulgence, and no contract for forbearance having been made, but the indulgence granted having been merely voluntary, the obligor is not precluded from relying upon his equity against the debt.
S held a note on —, with B his surety, and received in discharge thereof the note of B with the assignment of —. Held that the note on which B was surety was thereby extinguished, and could not be revived, though B had an equity against the note assigned by —.
The consideration of the assignment to Stockwell, consisted in part of a note held by him on the assignor for money loaned, to which note Berry, the obligor in the assigned note, was surety. For the amount of that note, which was surrendered to the assignor at the time of the assignment, it is contended that Berry, the surety should still in equity be held responsible to the assignee, if he be released from the payment of the assigned note.
When Stockwell, the assignee, took from, the assign- or the note on Berry, and surrendered to the assignor, in consideration of the assignment, the note he held on him and Berry as surety, the note last named was thereby paid off and satisfied, and Stockwell’s remedy was upon the assigned note alone, first against the obligor, and if that failed, then against the assignor.
Suppose that Stockwell, when he gave up the note on the assignor and Berry, instead of receiving by assignment a note on the latter, had received from his assignor a note upon, another individual, and that some available equity had existed against the note assigned to him, could he, after the lapse of some years, resuscitate his claim upon the note which had been paid off and surrendered, and hold Berry, the surety, responsible for the amount. It is evident that it could not be done. The liability of Berry, as- surety, would have ceased. None of the remedies which the law affords to a surety for his protection, could have been resorted to by him, after the note upon which he was bound as surety had been surrendered to the principal. There is no, substantial difference between the cases. Stock- *301 well voluntarily gave up the note for the payment of which Berry was bound as surety. It was not done at the instance of Berry, nor under circumstances which can create any equity against the surety, whose liability as well as correspondent rights as such, ceased and deters mined by the arrangement. It was an act of the creditor and principal debtor, in which the surety did not participate, and which cannot be made to operate to his prejudice. Nor can his liabilty upon the note which was surrendered, be transferred without his consent, to the assigned note, so as to increase his original liability upon the latter, or preclude him from asserting any equity he may have against it. ' The assignee took it subj ect to all the equities to which it was liable, in the hands of the assignor; and the mistake under which he may havelabored atthe time, in supposing that he was; risking nothing by the arrangement, as he would still, hold a note binding the same individuals, one as obligor and the other by the assignment, cannot affect the-rights of the surety, who did not induce the mistake or have any agency in the transaction.
The leave of the-Court is not ne, cessary to file a, bill of review to correct a decree where (he error appears op. the face of tl(p record.
The Court below, therefore, committed an error in. rendering a decree in favor of Stockwell. against Berry,, either for the amount of the note on which he hadj been liable as surety, or for the amount paid, by Stock-, well to his assignor, Stockwell’s only remedy was up-, on the assigned note, and that depended upon the contingency whether the equity of the obligor, Berry,, would or not extend to the whole note.
The bill of review filed by Berry in this case to re, verse and set aside that decree, should have been sustained. It being for erroi’s apparent in the record, it was unnecessary to obtain leave of the Court to file it. The order of the Court directing the suit to be stricken from the docket was, however, prejudicial to the complainant, as the matters contained in the bill are sufficient to entitle him to a reversal of the decree sought to be reviewed, and he had a right to prosecute his suit for that purpose, which the Court refused to, permit him to do.
Cord for plaintiff; B. Porter for defendants.
Wherefore, said order directing the suit to be stricken from the docket is reversed, and cause remanded for further proceedings consistent with this opinion.